UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VLADIMIR GRIGOUS,
    Petitioner

Docket No. 3:02cv1440(CFD)

v.

JOHN ASHCROFT,
    Respondent

November 5, 2002

## RESPONSE TO OPPOSITION TO HABEAS PETITION

At this stage in the proceedings, the only issue to be addressed is whether this Court has jurisdiction to hear the habeas petition. Because of this limitation in present judicial review, Petitioner will not respond nor add to the background statements in pages 1 through 4.

Respondent first argues (pg. 4) that this Court has no jurisdiction because Petitioner is not in the physical custody of the Respondent or its agents. Although it is true that Petitioner is not in the custody of the Respondent he still meets the "in custody" requirement of 28 U.S.C. Sec. 2241. The most recent case cited by Respondent is from 1998 and the rest are from even earlier years. What Respondent fails to recognize is that the concept of

custody has changed over the years. This process began with the Supreme Court's decision in Hensley v. Municipal Court, 411 U.S. 345, 348-49 (1973) and Jones v. Cunningham, 371 U.S. 236, 243 (1963).

Following these seminal cases were more recent ones such as Park v. California, 202 F.3d 1146, 1148 (9th Cir. 2000) {Release from prison does not moot person's habeas petition where he still faces deportation} and Nakaranurack v. U.S. 68 F.3d 290 (9th Cir. 1995) {Review of denial of discretionary relief when person not in custody}. In Ceballos de Leon v. Reno, 58 F.Supp.2d 463,469 n.14 (D.N.J. 1999) {LPR subject to final order but not in physical custody still meets custody requirement for Sec. 2241}; Mendonica v. INS, 52 F. Supp2d 155, 159 (D. Mass. 1999) {"In custody" for Sec. 2241 includes persons subject to a final order of deportation even if they are not in physical custody} and Eltayeb v. Inghram, 950 F.Supp 95, 99 (S.D.N.Y. 1997) all find jurisdiction without custody.

Respondent's next argument (pg. 5 *et seq*) raises the issue of ineffective assistance of counsel. That was not an issue raised in the petition. The only issue in this case is whether Petitioner was required to have oral notice in a language he understands as required by INA Sec. 242B(e)(1) before his application for relief from deportation may be heard and disposed of *in*

-2-

*absentia*. Whether Petitioner was represented by competent counsel or not is irrelevant. The only issue is whether Petitioner was advised of the consequences of his failure to appear. Petitioner will address this issue in greater detail after this Court's denial of the Motion to Dismiss (which is the essence of Respondent's "Memorandum.")

Respondent falsely asserts that Petitioner could have filed a Petition for Review in the Court of Appeals. Such a petition would have been due within thirty days from the date of the BIA's decision. That decision was made on May 14, 2002 but not received by Petitioner's counsel until shortly after August 14, 2002, because the BIA sent the notice to a prior address.

Habeas is proper in this case as held in St. Cyr v. INS, 533 S.Ct. 289 (2001). The issue raised by Petitioner is a pure question of law. He raises a constitutional challenge to his order of deportation. Sol v. INS, 274 F.3d 648, 650 (2d Cir. 2001).

Because jurisdiction is proper in this Court through the habeas petition mechanism, the Motion to Dismiss must be denied and an order for a substantive response to be filed by Respondent.

*[signature]*
Michael G. Moore
107 Oak Street
Hartford, CT 06106
CT# 11961
413/747-9331

Certificate of Service

I hereby certify that I have sent a copy of the foregoing to Carolyn A. Ikari, Esq., AUSA, 450 Main Street, Room 328, Hartford, CT 06103 on November 4, 2002.

*[signature]*
Michael G. Moore