UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VLADIMIR GRIGOUS,
  Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,
  Respondent.

Civil Action No. 3:02CV1440(CFD)

## RULING

Pending is the petitioner's petition for writ of habeas corpus and stay of removal [Doc. #1]. The respondent has filed a memorandum in opposition to the petition for habeas corpus [Doc. #6], claiming that this court lacks jurisdiction over the petition because the petitioner is not in the physical custody of the INS. The respondent also requests a conflict of interest hearing in the event the case is not dismissed for lack of jurisdiction.

The general habeas corpus statute, 28 U.S.C. § 2241, confers federal jurisdiction over claims that an individual is being held "in custody in violation of the Constitution or laws ... of the United States." § 2241(c)(3). In the context of INS removal proceedings, courts have "broadly construed 'in custody' to apply to situations in which an alien is not suffering any actual physical detention; i.e., so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody' for purposes of the INA, and therefore may petition a district court for habeas review of that deportation order." Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir.1995) (citations omitted); see also Miranda v. Reno, 238 F.3d 1156, 1158-59 (9th Cir. 2001), cert. denied, 534 U.S. 1018 (2001); Mendonca v. Reno, 52 F. Supp. 2d 155, 158 (D. Mass. 1999) (citing Almon v. Reno, 13 F.Supp.2d 143, 144 n. 2 (D. Mass.1998) (noting that "custody" under

1

§ 2241 "does not necessarily mean physical custody" and that "[t]he term 'in custody' has been broadly construed [for purposes of the INA] to apply to situations in which an alien is not suffering any actual physical detention, ... so long as he is subject to a final order of deportation")); Then v. INS, 37 F.Supp.2d 346, 354 n. 8 (D.N.J.1998) (same).

Here, it does not appear that the petitioner is in the physical custody of the INS. In his petition, the petitioner states that he resides in West Granby, Connecticut. However, a final order of deportation has been issued against him. Accordingly, though he is not in the physical custody of the INS, he is nonetheless "in custody" for the purposes of § 2241 because he is subject to a final order of deportation.

As to the respondent's request for a hearing on the conflict of interest issue raised by Attorney Michael Moore's representation of the petitioner in his removal proceedings, that request is GRANTED. The parties shall appear for a hearing on **April 9, 2003** at **10:00 a.m.**

In that connection, the petitioner's request for a stay of removal [Doc. #1] is GRANTED, without prejudice to the respondent moving to lift the stay following the hearing. The Court orders that the government shall not deport or remove the petitioner from the United States until further notice from the Court.

SO ORDERED this 28th day of March 2003, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE