UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vladimir Grigous,  )<br>  )<br>       Petitioner,  )<br>  )<br>v.  )<br>  )<br>JOHN ASHCROFT, ATTORNEY  )<br>GENERAL OF THE UNITED STATES,  )<br>       Respondent.  ) | Civil Action No.<br>04-10229-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO TRANSFER CASE TO FIRST CIRCUIT COURT OF APPEALS
PURSUANT TO SECTION 106(c) OF THE REAL ID ACT OF 2005**

The respondent, the Attorney General of the United States of America, submits this memorandum of law in support of his motion to transfer this case to the United States Court of Appeals for the First Circuit in accordance with Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"), which directs that any habeas claim challenging the validity of an order of removal pending on the date of enactment shall be transferred to the court of appeals.

**BACKGROUND**

The petitioner, Vladimir Grigous, has filed a habeas corpus petition challenging an order of removal issued by an immigration judge and the subsequent denial of his motion to reopen the proceedings. The immigration hearing that resulted in the order of removal was held in Boston, Massachusetts. The habeas petition was filed initially in the District of Connecticut, but was transferred to this court on August 16, 2004.

**ARGUMENT**

I. **THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS AND EXCLUSIVE JURISDICTION EXISTS IN THE COURT OF APPEALS**

On May 11, 2005, the President signed into law the RIDA which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA"). Section 106(a) of the RIDA explicitly and unequivocally eliminates habeas jurisdiction in the district courts over any challenge to the validity of a removal order. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

Id. (amendments italicized). Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

Congress also amended the judicial review provisions of the INA to provide that jurisdiction to review any and all removal orders lies exclusively in the United States Circuit Courts of Appeals. Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5), which provides:

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id.

These amendments became effective on the date of enactment, May 11, 2005. Section 106(b) of the RIDA provides:

> EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

Id.

These amendments provide that only the court of appeals has subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States," and respecting "any cause

or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]." See INA sections 242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended by the RIDA.[1]

## II. CONGRESS HAS DIRECTED THAT PENDING HABEAS ACTIONS CHALLENGING AN ORDER OF REMOVAL BE TRANSFERRED TO THE COURT OF APPEALS IN WHICH A DIRECT PETITION FOR REVIEW WOULD HAVE BEEN APPROPRIATELY FILED

To effectuate the changed judicial review provisions, Section 106(c) of the RIDA provides that habeas corpus actions challenging the validity of any order of removal pending on May 11, 2005, the date of the RIDA enactment, shall be transferred to the appropriate court of appeals.

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.[2]

---

[1] Congress may constitutionally provide a substitute avenue of appeal. See INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001) ("Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal."); see also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause).

4

Id.

This action challenges the validity of the Petitioner' order of removal and was pending on May 11, 2005. Grigous was ordered removed by an Immigration Judge in Boston, MA, therefore, this case should be transferred to the First Circuit Court of Appeals.

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction and the case should be transferred to the First Circuit Court of Appeals.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Karen L. Goodwin
    KAREN L. GOODWIN
    Assistant U.S. Attorney
    United States Attorney's Office
    1550 Main Street
    Springfield, MA 01103
    (413) 785-0269

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on May 18, 2005.

    /s/Karen L. Goodwin
    Karen L. Goodwin

---

[2] INA section 242(b)(1), 8 U.S.C. § 1252(b)(1), is the requirement that judicial review petitions to the circuit courts be filed within 30 days of the date of a final order of removal. Thus, habeas cases transferred to the circuit court under RIDA section 106(c) are forgiven what otherwise could be a statutory jurisdictional time bar in most cases.