UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VLADIMIR GRIGOUS,
Petitioner

Docket 04-10229-MAP

v.

JOHN ASHCROFT, Attorney
General of the United States,
Respondent

June 7, 2005

## OBJECTION TO MOTION TO TRANSFER

Respondent moves to transfer this action to the First Circuit where it might have been brought originally as per Section 106(c) of the RIDA (see pg. 4, Respondent's brief. That statutory directive as applied to the facts of this case is unconstitutional. Jurisdiction must remain with this court.

Although Respondent correctly states (pg.1) that this case originated in Hartford district court, what is not mentioned is that Judge Droney held an evidentiary hearing at that time. Petitioner testified that he did not understand the consequences of his failure to appear for his immigration hearing and no one had attempted to explain those consequences to him.

28 U.S.C. Section 2243 allows aliens to receive an evidentiary hearing so that a district court judge could make decisions based upon these additional facts. Under section 106(a)(1)(B)(5) of the RIDA aliens must file a petition for review that requires the court of appeals to "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. Sec. 1252(b)(4)(A). See Wahab v. U.S. Attorney General, 2005 U.S. Dist. LEXIS 10653 (May 31, 2005, E.D. Pa.) Thus, someone like Petitoiner in this case who already had an evidentiary hearing would not have that evidence considered as it was not part of the record (at that time) upon which the order of removal was based.

Under the United States constitution "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." Article 1, Sec. 9, Clause 2. Although Congress may terminate habeas proceedings it may do so only when there is a substitute collateral remedy "which is neither inadequate nor ineffective to test the illegality of a person's detention." Swain v. Pressley, 430 U.S. 372, 381 (1977); INS v. St. Cyr, 533 U.S. 289, 300-01 (2001). As there is no substitute remedy in this case, the abrogation of habeas is

2

unconstitutional as applied.

In addition, should Respondent's motion be granted, Petitioner wishes to inform the court that at the Hartford hearing, attorneys for the Respondent indicated that there was no need for an order staying removal as there was no intention of incarcerating or removing petitioner during the appeal process. If this case is to be transferred Petitioner asks that such an agreement be placed on the record of transmittal or a court order to that effect.

*Susan V. H. DeGrave*

Susan V. H. DeGrave, Esq.
1242 Main Street
Springfield, MA 01103
413/ 746-5911

3

## Certificate of Service

I hereby certify that I have ~~sent~~ *hand-delivered* a copy of the foregoing to Karen L. Goodwin, Esq., AUSA, 1550 Main Street, Springfield, MA 01103 on June 8, 2005.

*Susan V.H. DeGrave*
Susan V.H. DeGrave

4